IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                              4:07-CR-00122-01-JM

JORGE GONZALES-LARA

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 90) is DENIED.

**I.   BACKGROUND**

On March 13, 2009, Defendant pled guilty to possession with intent to distribute cocaine.[1]  On May 16, 2009, he was sentenced to 235 months in prison.[2]

**II.  DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4] Defendant requested compassionate release form the warden October 6, 2020.  It has been thirty

---

[1] Doc. No. 53.

[2] Doc. Nos. 56, 57.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

1

days since the request was submitted, and Defendant asserts that the warden has not responded. Accordingly, the issue is properly before this Court.

In support of his motion, Defendant asserts is obese, which put him at a higher risk of suffering from COVID-19. First, this health condition is not an "extraordinary and compelling" reason to support Defendant's release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5] Defendant's health condition is not listed. Although Defendant has provided medical records, there is no evidence that his health conditions are severe enough to prevent him from independently functioning within the prison. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6] Third, Defendant is 45 years old, so he does not meet the minimum-age requirement under the under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

---

[5]Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Defendant has three prior convictions. These include two convictions for possession with intent to distribute large quantities of marijuana and illegal re-entry into the United States. Notably, the drug convictions involved the same conduct as the instant offense. In fact, he committed the instant offense less than two years after being released from prison and was on supervised release for the illegal re-entry conviction.

On February 10, 2007, a law enforcement office stopped a vehicle Defendant was driving. Defendant and his passenger presented false Mexican identifications to the trooper. When the vehicle was searched, 19.96 kilograms of cocaine was found in the trunk behind a false panel.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 90) is DENIED.

IT IS SO ORDERED, this 12th day of November, 2020.

_____
UNITED STATES DISTRICT JUDGE